UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

UNITED STATES OF AMERICA,
    Plaintiff

v.

FRANCIS STANFORD STRICKER,
    Defendant

3:19-CR-30041-RAL

ORDER SETTING CONDITIONS
OF RELEASE

## GENERAL CONDITIONS OF RELEASE

IT IS ORDERED that the release of Defendant shall be subject to the following conditions:

(1) Defendant shall not violate any federal, state or local (including tribal) law while on release in this case.

(2) Defendant shall appear at or participate in all case-related matters scheduled by his attorney. In addition, Defendant shall promptly answer all correspondence and promptly respond to all communication from his attorney and shall cooperate fully with his attorney so that the attorney is able to properly and efficiently manage the case.

(3) Defendant shall appear for all proceedings as required by the Court, and, if convicted, shall surrender himself as directed to serve any sentence imposed by the Court.

(4) Defendant shall advise the Court, the Probation Office or his supervising officer in writing before making any change of residence or telephone number.

(5) Defendant shall cooperate in the collection of a DNA sample if the collection of such a sample is authorized by 42 U.S.C. §14135a.

## RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND

IT IS FURTHER ORDERED that Defendant shall be released:

(6) On his own personal recognizance based on his promise to appear when directed and comply with the terms and conditions of release as set forth herein.

# ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably ensure the appearance of Defendant and the safety of other persons and the community, it is further

**ORDERED** that the release of Defendant shall be subject to the conditions below:

(7) **Defendant shall:**

    (a) submit to supervision by and report for supervision to the Probation Office or supervising officer as directed.

    (b) continue or actively seek employment as directed.

    (c) abide by the following restrictions on personal association, residence, or travel:
        (i) not leave the State of South Dakota unless authorized to do so by the Court.

    (d) not have any initiated contact, direct, or indirect, with any person who is or may be a victim or witness in the investigation or prosecution of the case, to wit: Heather Dubray, Amy Rspects Nothing, Michael Dovian, SA Benjamin Estes, SA Bryce Fankhauser

    (e) not possess a firearm, destructive device, or dangerous weapon.

    (f) not use alcohol ☐ at all ☒ excessively.

    (g) not use or unlawfully possess a narcotic drug or other controlled substance as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

    (h) submit to testing for a prohibited substance if required by the Probation Office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. If remote alcohol testing is utilized, He shall pay all or part of the cost of the program based on his ability to pay as determined by the Probation Office or supervising officer.

(i) obtain a substance abuse evaluation (to be scheduled within 7 days) and participate in a program of inpatient or outpatient treatment, therapy, or counseling as directed.

(j) participate in one of the following location restriction programs and comply with its requirements as directed.

    (i) **Curfew**. Defendant shall be restricted to his residence every day from 10:00 p.m. to 7:00 a.m. unless otherwise authorized by the Probation Office or supervising officer.

(k) report as soon as possible, to the Probation Office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

(l) reside at a residence approved by the Probation Office or supervising officer.

(m) not enter or remain within the exterior boundaries of the Rosebud Sioux Indian Reservation.

## ADVICE OF PENALTIES AND SANCTIONS

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for Defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, and a prosecution for contempt as provided in 18 U.S.C. §401 which could result in a possible term of imprisonment, a fine or both.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. 18 U.S.C. §3147. This sentence shall be consecutive to any other sentence and shall be imposed in addition to the sentence received for the offense itself. *Id.*

18 U.S.C. §1503 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court (and imposes a more severe punishment in the case of a killing or where the offense was committed against a petit juror and a Class A or B felony was

charged, *see* §1503(b)(1), (2)); 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to twenty years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant (and provides for a more severe punishment if certain circumstances are present, *see* §1512(a)(1), (2)); and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so (and calls for a more severe punishment if specific aggravating factors exist, *see* §1513(a), (b), (c)).

18 U.S.C. §3146. If after having been released, Defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order, he shall be punished as hereafter provided in this section. If Defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) An offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, Defendant shall be fined up to $250,000 or imprisoned for not more than ten years, or both;

(2) An offense punishable by imprisonment for a term of five years or more, but less than fifteen years, Defendant shall be fined up to $250,000 or imprisoned for not more than five years, or both;

(3) Any other felony, Defendant shall be fined up to $250,000 or imprisoned for not more than two years, or both; or

(4) A misdemeanor, Defendant shall be fined up to $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the Defendant in the above-entitled case and that I am aware of <u>all</u> of the conditions of my release. I promise to obey <u>all</u> conditions of release, to appear as directed, and to promptly surrender myself for service of any sentence that may be imposed. I am <u>fully</u> aware of the penalties and sanctions set forth above.

_____     _____
SIGNATURE OF DEFENDANT                                                      DATE

_____     _____
MAILING ADDRESS                              TELEPHONE NO.

## DIRECTIONS TO UNITED STATES MARSHAL

Defendant shall be released after processing and executing the release portion of the Court's Order and submitting to a pretrial services interivew.

DATED April 15, 2019, at Pierre, South Dakota.

BY THE COURT:

_____
MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE